**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JOSEPH HOWARD SHERMAN,
CDCR #H-41665,

Plaintiff,

vs.

LARRY SMALL, et al.

Defendants.

Civil No. 10cv0290 IEG (POR)

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)**

## I. PROCEDURAL HISTORY

On February 4, 2010, Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Corcoran, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* March 19, 2010 Order at 8-9. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* at 9. Plaintiff filed an extension of time to file his Amended Complaint which was granted by the Court. *See* May 12, 2010 Order at 3. On May 13, 2010, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 6].

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

### A. 42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B. Statute of Limitations

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The two-years limitations period, however, does not apply retroactively. *Canatella v. Van de Kamp*, 486 F.3d 1128, 1132-22 (9th Cir. 2007) (citing *Maldonado*, 370 F.3d at 955).

1  Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause
2  of action is a question of federal law that is not resolved by reference to state law." *Wallace v.*
3  *Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law
4  governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort
5  cause of action accrues, and the statute of limitation begins to run, when the wrongful act or
6  omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955
7  ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the
8  injury which is the basis of the action." ).

9  Here, Plaintiff raises claims of constitutional violations that allegedly occurred beginning
10 in 2001. *See* FAC at 1. Thus, Plaintiff would have reason to believe that his constitutional rights
11 were violated more than nine years ago. *Id.*; *see also Maldonado*, 370 F.3d at 955. However,
12 Plaintiff did not file his Complaint in this case until February 4, 2010, which exceeds
13 California's statute of limitation. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927.
14 Plaintiff does not allege any facts to suggest how or why California's two-year statute of
15 limitations might be tolled for a period of time which would make his claims timely.

16 While prisoners normally receive an additional two years of tolling of their claims due
17 to their incarceration, Plaintiff admits in his First Amended Complaint that he is serving a
18 sentence of life without the possibility of parole. *See* FAC at 5. In California, this tolling
19 provision applies only to plaintiffs "imprisoned on a criminal charge, or in execution under the
20 sentence of a criminal court for a term of less than for life." *Jones*, 393 F.3d at 927 (citing CAL.
21 CIV. PRO. CODE § 352.1(a)). Because Plaintiff is serving a life sentence, he is not entitled to the
22 extra two years of statutory tolling. This means that he has two years from the date by which
23 he claims his constitutional rights were violated to file this action. In Plaintiff's First Amended
24 Complaint, those dates range from 2001 to the present.

25 / / /
26 / / /
27 / / /
28 / / /

1        Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

Thus, a vast majority of Plaintiff's claims are subject to dismissal as barred by the statute of limitations. However, the Court will consider those claims that are timely brought.

**C.    Fourteenth Amendment Due Process Claims**

Plaintiff, once again, alleges that his Fourteenth Amendment due process rights were violated during his hearing based on a serious rules violation report. *See* FAC at 29. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

///
///
///

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his disciplinary conviction which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Here, Plaintiff only alleges that he was "confined to quarters" for thirty one days and he lost unspecified privileges. *See* FAC at 29-30. Based on these facts, the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

Thus, Plaintiff's Fourteenth Amendment due process claims are dismissed for failing to state a claim upon which relief may be granted.

/ / /

/ / /

### D. Personal Property Claims

Plaintiff also alleges his due process rights were also violated when prison officials confiscated, and refused to return, his personal property. *See* FAC at 35. Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the taking of his property are not cognizable in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

The Court will permit Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading addressed above. However, Plaintiff is cautioned that he may not bring claims that fall outside the applicable statute of limitations, he may not bring claims on behalf of other inmates, and he must comply with FED.R.CIV.P. 8 as instructed by the Court in the previous Order.

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1.

/ / /

/ / /

/ / /

Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Clerk of Court is directed to mail a court approved § 1983 form to Plaintiff.

**IT IS SO ORDERED.**

DATED: **June 4, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**