# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HOWARD SHERMAN, CDCR #H-41665,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LARRY SMALL, et al.<br><br>　　　　　　　　　Defendants. | Civil No.　10cv0290 IEG (POR)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 9]; AND**<br><br>**(2) DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)** |

I.　**PROCEDURAL HISTORY**

　　On February 4, 2010, Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Corcoran, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* March 19, 2010 Order at 8-9. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* at 9. Plaintiff filed an extension of time to file his Amended

Complaint which was granted by the Court. *See* May 12, 2010 Order at 3. On May 13, 2010, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 6].

However, once again, the Court found that Plaintiff failed to state a claim upon which relief could be granted. *See* June 4, 2010 Order at 6-7. On July 12, 2010, Plaintiff filed his Second Amended Complaint ("SAC"), along with a Motion to Appoint Counsel.

## II. MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 9]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Orders, the Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP

complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

### A.   42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B.   Retaliation Claims

In his Second Amended Complaint, Plaintiff claims that he filed administrative grievances against Defendants Aguilar, Delgado and Jimenez for their "illegal actions." SAC at 8. On June 19, 2008, Plaintiff claims that "per the orders of newly appointed Acting Warden Defendant Larry Small," Plaintiff's cell was searched by Defendants Sabala and Palomera. *Id.* In order to prevail on a claim of retaliation, Plaintiff must be able to prove the following five factors: "(1) An assertion that a state actor took some adverse action against [Plaintiff]; (2) because of (3) [Plaintiff's] protected conduct, and that such action (4) chilled [Plaintiff's] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *See Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). (citing *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam)).

Here, Plaintiff has alleged no facts to suggest that the actions of Defendants did not reasonably advance a legitimate correctional goal nor does Plaintiff allege any facts to show that his First Amendment rights were "chilled." Plaintiff does not allege any facts that would indicate that the actions of Small, Sabala or Palomera were in any way related to the filing of his grievances against Aguilar, Delgado and Jimenez. Thus, Plaintiff's First Amendment retaliation

claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.[1]

### C. Access to Courts

Plaintiff further claims that prison officials removed property from his cell that "hampered" his claims to the Imperial County Superior Court and the State Board of Control. Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004).

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either a criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover,

---

[1] While not entirely clear, it appears that Plaintiff may be attempting to allege a First Amendment Free Exercise claim or a claim brought pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). If that is Plaintiff's intent, he must clearly identify these causes of action in his Amended Complaint.

Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific defendant's actions.  *Lewis*, 518 U.S. at 351.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.").  Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

### D.     Fourteenth Amendment Due Process

Plaintiff also alleges that his due process rights were violated during his disciplinary hearings. *See* SAC at 21.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.  Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of  his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486.  For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary versus

discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff alleges that he was given "an additional year on Close B 'custody,'" loss of unspecified privileges and sentenced to "over 31 days confined to quarters." SAC at 21. These facts are too vague and insufficient for the Court to find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. *See Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460-61 (1989). Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Sandin*, 515 U.S. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Thus, the Court finds that Plaintiff has failed to state a Fourteenth Amendment due process claim.

**E.     Duplicative Claims**

It appears, based on the documents Plaintiff has submitted as Exhibits to his Second Amended Complaint, that he may have already brought many of the same claims against the same Defendants in an action that he filed in the Imperial County Superior Court. Bringing the same allegations against the same Defendants in this matter is frivolous 28 U.S.C. § 1915(e)(2)(B)(1) & § 1915A(b)(1) because Plaintiff is "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Accordingly, any claims Plaintiff is attempting to bring in this action that he has previously addressed in the Imperial County Superior Court action will be dismissed as frivolous pursuant to 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B)(1) & § 1915A(b)(1).

The Court will, once again, permit Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading addressed above.

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel [Doc. No. 9] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that:

2. Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Third Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3. The Clerk of Court is directed to mail a court approved § 1983 form to Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 27, 2010**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**