# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HOWARD SHERMAN, CDCR #H-41665,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY SMALL, et al.<br><br>Defendants. | Civil No.   10cv0290 IEG (POR)<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS AND DEFENDANTS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT; AND**<br><br>**(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THIRD AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) &  28 U.S.C. § 1915(d)** |

I.   **PROCEDURAL HISTORY**

On February 4, 2010, Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See* March 19, 2010 Order at 8-9.  Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order.  *Id.* at 9.  Plaintiff filed an extension of time to file his Amended

Complaint which was granted by the Court. *See* May 12, 2010 Order at 3. On May 13, 2010, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 6].

However, once again, the Court found that Plaintiff failed to state a claim upon which relief could be granted. *See* June 4, 2010 Order at 6-7. On July 12, 2010, Plaintiff filed his Second Amended Complaint ("SAC"), along with a Motion to Appoint Counsel. The Court again denied his Motion for Appointment of Counsel and dismissed his Second Amended Complaint for failing to state a claim. *See* July 27, 2010 Order at 6-7. Although untimely, the Court permitted Plaintiff to file a Third Amended Complaint ("TAC") on September 16, 2010.

### III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Orders, the Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

####   A.   42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

####   B.   Claims surviving screening

After reviewing Plaintiff's Third Amended Complaint, the Court finds that Plaintiff's claims of retaliation against Aguilar, D.R. Gonzalez and E. Delgado survive the Court's required

1    sua sponte screening process. Therefore, Plaintiff is entitled to U.S. Marshal service on his
2    behalf as to these Defendants. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The
3    officers of the court shall issue and serve all process, and perform all duties in [IFP] cases.");
4    FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal
5    or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C.
6    § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal
7    procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that
8    [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal.
9    2007).

10   All the remaining claims against the remaining Defendants are **DISMISSED** from this
11   action for the reasons set forth below.

12   **C.    Access to Courts**

13   Plaintiff alleges that Defendants removed property from his cell that hampered his ability
14   to pursue his claims in Imperial County Superior Court. Prisoners do "have a constitutional
15   right to petition the government for redress of their grievances, which includes a reasonable right
16   of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord*
17   *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme
18   Court held that "the fundamental constitutional right of access to the courts requires prison
19   authorities to assist inmates in the preparation and filing of meaningful legal papers by providing
20   prisoners with adequate law libraries or adequate assistance from persons who are trained in the
21   law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access
22   to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous
23   legal attack on his conviction, sentence, or conditions of confinement has been frustrated or
24   impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-
25   55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or
26   existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at
27   348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004).
28   / / /

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either a criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific defendant's actions. *Lewis*, 518 U.S. at 351.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

### D.     Rooker Feldman Doctrine

While not entirely clear, Plaintiff appears to seek this Court's assistance in overturning the decisions made by the California Court of Appeal. The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action alleging violations of due process and equal protection. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

Because Plaintiff appears to seek this Court's assistance in overturning an order issued by the California Court of Appeal, his claims are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine.

**E.     Fourteenth Amendment Due Process**

Throughout his Third Amended Complaint, Plaintiff claims a number of the Defendants violated his due process rights by filing false disciplinary reports and failing to follow regulations in conducting the disciplinary hearings. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement

that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Here, Plaintiff alleges no facts to show that any atypical and significant hardships imposed upon him as a result of the Defendants' actions. *See Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460-61 (1989). Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Sandin*, 515 U.S. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Thus, the Court finds that Plaintiff has failed to state a Fourteenth Amendment due process claim.

**F.     Grievance Procedures**

Plaintiff also seeks to hold a number of Defendants liable for the manner in which his administrative grievances were processed. However, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to

a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Thus, Plaintiff's Fourteenth Amendment due process claims relating to his administrative grievances is also dismissed for failing to state a claim upon which relief may be granted.

### G. Respondeat Superior

To the extent that Plaintiff is seeking to hold a number of Defendants liable based solely on their supervisory positions, he has failed to state a claim. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Third Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against any of the supervisory Defendants.

### III. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. The claims against Defendants Small, Ochoa, Miller, Jimenez, Anderson, Edwards, Cate, McEwen, Giurbino, Ryan, Scribner, Bourland, Janda, Nunez, Borem, Granis, Sabala, Palomera and Does 1-20 are **DISMISSED** for failing to state a claim upon which relief

may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because there are no remaining claims against these Defendants, and there is no just reason for delay, the Clerk of Court is directed to enter a final judgment, without prejudice, as to Defendants Small, Ochoa, Miller, Jimenez, Anderson, Edwards, Cate, McEwen, Giurbino, Ryan, Scribner, Bourland, Janda, Nunez, Borem, Granis, Sabala, Palomera and Does 1-20 pursuant to FED.R.CIV.P. 54(b).

**IT IS FURTHER ORDERED** that**:**

2. The Clerk shall issue a summons as to Plaintiff's Third Amended Complaint [Doc. No. 12] upon Defendants **Delgado, Gonzalez and Aguilar** and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's March 19, 2010 Order granting Plaintiff leave to proceed IFP [Doc. No. 3], and certified copies of his Third Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Third Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

3. Defendants are thereafter **ORDERED** to reply to Plaintiff's Third Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

/ / /

/ / /

4. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: 10/14/10

HON. IRMA E. GONZALEZ, Chief Judge
United States District Court