UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HOWARD SHERMAN, CDCR #H-41665,<br><br>                                    Plaintiff,<br><br>vs.<br><br>J. AGUILAR; E. DELGADO; D.R. GONZALES,<br><br>                                    Defendants. | Civil No.   10cv0290 IEG (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**<br><br>**[Doc. No. 20]** |

**I.   PROCEDURAL BACKGROUND**

Joseph Howard Sherman ("Plaintiff"), a prisoner currently incarcerated at Calipatria State Prison located in Calipatria, proceeding pro se and *in forma pauperis,* has filed a civil rights action pursuant to 42 U.S.C. § 1983. The Court conducted a sua sponte screening of Plaintiff's original Complaint, along with all his subsequent amended Complaints pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. On October 15, 2010, the Court conducted its required sua sponte screening of Plaintiff's Third Amended Complaint and issued an extensive Order dismissing a number of the claims and Defendants. (*See* Oct. 15, 2010 Order at 1-9.) The Court found that

1  Plaintiff had sufficiently alleged retaliation claims against Defendants Aguilar, D.R. Gonzales
2  and E. Delgado. *Id.* at 2-3. Those are the only remaining claims in Plaintiff's Third Amended
3  Complaint ("TAC").

4  Defendants Aguilar, Delgado and Gonzales ("Defendants") have now filed a Motion for
5  More Definite Statement and Motion to Dismiss Plaintiff's Third Amended Complaint pursuant
6  to FED.R.CIV.P. 12(b)(6) [Doc. No. 20]. Plaintiff filed his Opposition on February 2, 2011 [Doc.
7  No. 21] to which Defendants have filed their Reply [Doc. No. 22]. The Court permitted Plaintiff
8  to file a sur Reply on February 22, 2011.

9  The Court has determined that Defendants' Motion is suitable for disposition upon the
10 papers without oral argument and that no Report and Recommendation from Magistrate Judge
11 Louisa S. Porter is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

12 **II.   DEFENDANTS' MOTION TO DISMISS**

13     **A.   Defendants' Arguments**

14 Defendants seek dismissal of Plaintiff's Third Amended Complaint on the following
15 grounds: (1) Plaintiff has failed to comply with Rule 8; (2) Plaintiff has failed to state a
16 retaliation claim against Defendants; and (3) Defendants are entitled to Eleventh Amendment
17 immunity to the extent Plaintiff seeks money damages against them in their official capacities.

18     **B.   Motion for a More Definite Statement per FED.R.CIV.P. 12(e)**

19 Defendants have brought a motion for a more definite statement of Plaintiff's claims
20 pursuant to FED.R.CIV.P. 12(e).[1] Defendants claim that Plaintiff's "TAC intermingles all of the
21 allegations with all of the twenty-one defendants, and all counts, making the TAC very
22 confusing." (Defs.' Memo. of Ps & As at 4.)

23         **1.   Standard of Review**

24 A Rule 12(e) motion for a more definite statement is proper when the pleading at issue
25 "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive
26 pleading." FED.R.CIV.P. 12(e). However, a motion for a more definite statement must be

27

28     [1] Defendants fail to actually cite to Federal Rule of Civil Procedure 12(e) but in their request to dismiss all of Plaintiff's claims as failing to comply with Federal Rule of Civil Procedure 8(a) they request that the Court "order the Plaintiff to provide the Defendants a more definite statement of facts." (*See* Defs.' Memo. of Ps & As at 5.)

considered in light of the liberal pleading standards of Rule 8(a) (a complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"). *See Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules."); *see also Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) ("A motion for a more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail.") (citation omitted). Thus, a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading. *Boxall v. Sequoia Union High School Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

### 2. Analysis

It is a well established rule that allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The Court was mindful of this obligation when it thoroughly screened Plaintiff's Complaint, First Amended Complaint, Second Amended Complaint and Third Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* March 19, 2010 Order, June 4, 2010 Order, July 27, 2010 Order and October 15, 2010 Order.)

Defendants first claim that Plaintiff's Third Amended Complaint is "incredibly confusing" and is "hand written using extremely small letters, making it indecipherable in many places." (*See* Defs. Memo. of Ps & As at 2.) The Court disagrees. The Court has a very lengthy history of handling litigation involving prisoners and finds that most of the pleadings filed by prisoners are handwritten due to their lack of access to typewriters and printers unlike counsel for Defendants. In addition, having reviewed a number of pleadings filed by the Plaintiff in this case, the Court finds Plaintiff's handwriting to be far more legible than many of the handwriting submissions the Court reviews in other matters.

1 Defendants also indicate that Plaintiff's Third Amended Complaint is "very confusing." (*See* Defs. Memo. of Ps & As at 4.) Again, the Court disagrees. The Court thoroughly combed through Plaintiff's Third Amended Complaint, in addition to all the previous filings, and provided Defendants with an extensive screening Order that informed them of the *one* remaining claim against only three of the remaining Defendants. The Court was not at all confused by Plaintiff's Third Amended Complaint which had numbered paragraphs and clearly identified the causes of action being brought against Defendants. Thus, Defendants' Motion for More Definite Statement is **DENIED**.

### C. FED.R.CIV.P. 12(b)(6) Standard of Review

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009).

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines,* 404 U.S. at 519-20. Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi*, 839 F.2d at 623.

Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

### 1. Eleventh Amendment Immunity

Defendants seek dismissal of Plaintiff's Third Amended Complaint to the extent he seeks money damages against them based on actions taken in their "official" capacity. While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will*, 491 U.S. at 66, it does not bar damage actions against state officials sued in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992). When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification. *Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997).

The Supreme Court has made it clear that a plaintiff can establish personal liability in a section 1983 action simply by showing that each official acted under color of state law in deprivation of a federal right. *Hafer*, 502 U.S. at 25. Consequently, the Court **GRANTS** Defendants' Motion to Dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks damages against them in their official capacity. The Eleventh Amendment imposes no bar to Plaintiff's damages action against Defendants in their personal capacities, however. *See Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995).

///

### 2. Retaliation claims

Defendants seek dismissal of Plaintiff's Third Amended Complaint, in part, on the grounds that he has failed to plead facts sufficient to state a First Amendment retaliation claim. (*See* Defs.' P&A's at 8–9.)

To the extent Plaintiff claims Defendants have retaliated against him, he must allege facts to support the following five factors: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment right, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005); *see also Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

Defendants argue that Plaintiff does not "allege any facts which demonstrate that the actions of Defendants did not reasonably advance a legitimate correctional goal." (Defs. Memo. of Ps & As at 6.) Plaintiff alleges actions that were taken in violation of the regulations by which Defendants were to abide by. (*See* TAC at 1-21.) Thus, the Court finds that Plaintiff has alleged facts that show that Defendants acted in the absence of a "legitimate correctional goal." *Rhodes*, 408 F.3d at 566.

Defendants also argue that Plaintiff does not "allege any facts which demonstrate that his First Amendment rights were 'chilled.'" (Defs. Memo. of Ps and As at 6.) The Ninth Circuit has reaffirmed the holding in *Rhodes* that "an objective standard governs the chilling inquiry" of a retaliation claim. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citing *Rhodes*, 408 F.3d at 568-69)). This means that a "plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill *or* silence a person of ordinary firmness from future First Amendment activities.'" *Id.* Defendants apply the wrong standard in their moving papers. Regardless, based on the objective standard, the Court finds that Plaintiff's allegations of threats following the filing of administrative grievances satisfies the "chilling" inquiry. (*See* TAC at 19.) Accordingly, Defendants' Motion to Dismiss Plaintiff's retaliation claims pursuant to FED.R.CIV.P. 12(b)(6) is **DENIED**.

III. **CONCLUSION AND ORDER**

Based on the foregoing, the Court hereby:

1) **DENIES** Defendants' Motion for More Definite Statement.

2) **GRANTS** Defendants' Motion to Dismiss on Eleventh Amendment grounds only to the extent that Plaintiff seeks damages against them in their official capacities; and

3) **DENIES** Defendants' Motion to Dismiss Plaintiff's First Amendment retaliation claims pursuant to FED.R.CIV.P. 12(b)(6);

**IT IS FURTHER ORDERED THAT:**

Defendants Aguilar, Delgado and Gonzales shall file and serve their Answer to the retaliation claims that remain in Plaintiff's Third Amended Complaint within fourteen (14) days of the date this Order is "Filed" pursuant to FED.R.CIV.P. 12(a)(4)(A).

**IT IS SO ORDERED.**

DATED: 3/3/11

HON. IRMA E. GONZALEZ, Chief Judge
United States District Court